UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE PETERSON,

       Plaintiff,                        Case No. 4:17-cv-11760
                                        District Judge Victoria A. Roberts
v.                                        Magistrate Judge Anthony P. Patti

SOCIAL SECURITY,
COMMISSIONER OF,

       Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR REPRESENTATION (DE 14) AND GRANTING PLAINTIFF'S REQUEST FOR EXTENSION (DE 15)

This matter is before the Court for consideration of Plaintiff Dwayne Peterson's request for representation and request for extension. (DE 14, 15.) For the reasons that follow, Plaintiff's request for representation (DE 14) is **DENIED WITHOUT PREJUDICE** and Plaintiff's request for extension (DE 15) is **GRANTED**.

## I. BACKGROUND

Plaintiff filed a civil complaint appealing the denial of social security benefits. (DE 1.) On June 2, 2017, this case was referred to me for all pretrial purposes by District Judge Victoria A. Roberts. (DE 4.) Plaintiff filed the request

for representation on September 8, 2017, asking the Court to appoint an attorney in this civil matter "due to hardship." (DE 14.) Plaintiff filed the request for extension on September 12, 2017, requesting an extension to file his motion for summary judgment. (DE 15.)

**II.   ANALYSIS**

   **A. Request for Representation**

As a preliminary matter, although Plaintiff styles his request for representation as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances.") (internal citations omitted). The appointment of counsel in a civil case, therefore, "is a privilege not a right."

*Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado*, 992 F.2d at 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a motion for appointment of counsel at this time. Plaintiff requests representation only "due to hardship." Such a cursory statement does not constitute extraordinary circumstances. Further, examining Plaintiff's Complaint and other filings to date, the Court does not find the exceptional circumstances necessary to warrant the appointment of counsel. It appears that Plaintiff has an

adequate understanding of the issues and matters involved in this case, and that the issues raised his Complaint are straightforward and not of an unduly complex nature.

Accordingly, at this time, Plaintiff's request for representation is **DENIED WITHOUT PREJUDICE.** (DE 14.) Even through the undersigned does not believe it is appropriate to find *pro bono* counsel for Plaintiff at this time, Plaintiff may attempt to obtain counsel through his own efforts, such as retaining private counsel or contacting a bar referral service.[1]

### B. Request for Extension

Plaintiff's request for an extension of time to file his motion for summary judgment is **GRANTED**, and the Scheduling Order (DE 13) is amended as follows: **Plaintiff's Motion of Summary Judgment due by October 13, 2017, Defendant's Response and Motion for Summary Judgment due by November 15, 2017, Plaintiff's Reply due by November 27, 2017.**

**IT IS SO ORDERED.**

Dated: September 14, 2017          s/Anthony P. Patti
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The State Bar of Michigan Referral Service can be contacted at 1-800-968-0738.

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 14, 2017, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti